Honorable Marc L. Barreca
Chapter 11 Sub V
Hearing Date: February 22, 2024
Hearing Time: 9:30 a.m.
Location: Seattle, WA
Response Date: February 15, 2024

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON

In re:

HWC BURBS BURGERS, LLC,

Debtor.

Case No. 23-11919

**UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE FOR INCURRING A SUBSTANTIAL OR CONTINUING LOSS TO THE ESTATE AND THE ABSENCE OF A REASONABLE LIKELIHOOD OF REHABILITATION; GROSS MISMANAGEMENT; FAILURE TO PROVIDE INFORMATION REASONABLY REQUESTED BY THE U.S. TRUSTEE; AND FAILURE TO TIMELY PAY TAXES**

Acting United States Trustee for Region 18, Gregory M. Garvin ("U.S. Trustee"), hereby moves the Court for an order converting or dismissing the above-entitled chapter 11 case. Since this case was filed in October of 2023, Debtor failed to pay his tax obligations to the State of Washington, has bounced numerous checks resulting in unpaid post-petition liabilities, made payments to vendors for pre-petition liabilities, failed to file its monthly operating reports on time, failed to provide the U.S. Trustee with information he requested regarding payments to the pre-petition vendors, and failed to provide information regarding wire transfers from Debtor's bank account. Further, while taxes and post-petition obligations have gone unpaid, Debtor's

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE
- 1

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000, Fax: 206-553-2566

Case 23-11919-MLB    Doc 61    Filed 01/30/24    Ent. 01/30/24 13:37:02    Pg. 1 of 7

principal has taken draws in excess of the draws approved by the cash collateral budget. In support of the Motion, the U.S. Trustee represents and alleges as follows:

1. The Court has jurisdiction over the Motion pursuant to 11 U.S.C. §§ 307 and 1112(b).

2. The U.S. Trustee brings the Motion under the U.S. Trustee's authority to supervise the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3) and 11 U.S.C. § 1112(b)(1).

I. **BACKGROUND**

HWC Burbs Burgers, LLC, filed a petition for relief under Title 11, chapter 11, subchapter V, on October 9, 2023 (the "Petition Date"). Michael DeLeo was appointed as the subchapter V trustee on October 11, 2023. The first meeting of creditors was held on November 14, 2023, (the "341 Meeting"), and the status conference required by 11 U.S.C. § 1188(a) was held on December 16, 2023.

Debtor has a history of filing its monthly operating reports ("MORs") late, and the reports appear to be inaccurate. Debtor filed its November MOR, which was due December 20, 2023, on January 5, 2024. Based on that MOR, Debtor bounced forty-four checks, totaling $95,723.12. ECF #54, pgs. 14-24. Further, on January 22, 2024, the State of Washington Department of Revenue filed an "Amended Administrative Expense Claim for Post Petition Taxes Due," according to which Debtor owes $42,969.75 for sales tax, business tax, and penalties for October of 2023, and $39,302.11 for sales tax, business tax, and penalties for November of 2023. ECF #59. Although Debtor owed approximately $180,000.00 in post-petition debts at the end of November, Debtor reported $0.00 in unpaid bills on the November MOR. ECF #54, pg. 3.

Furthermore, despite not paying post-petition taxes and other liabilities, Debtor's managing member has continued to withdraw more cash than he was approved to withdraw in the

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE
- 2

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 23-11919-MLB Doc 61 Filed 01/30/24 Ent. 01/30/24 13:37:02 Pg. 2 of 7

cash collateral budget. On December 14, 2023, the Court entered a belated order authorizing Debtor to use cash collateral to pay post-petition expenses as set forth in Exhibit "B" of the Declaration of Joshua Henderson. ECF #46. The cash collateral budget is located on the Court's docket at ECF 14-2 (the "Cash Collateral Budget"). Pursuant to the Cash Collateral Budget, Debtor was authorized an "Officer Salary" of $3,500.00 per week ($15,166.66 per month on average) beginning October 29, of 2023. *Id.* However, Debtor's principal took draws totaling $24,251.99 in November 2023, (ECF #54, pg. 5.) and $23,000.00 in October of 2023, ECF # 53, pg. 5.

The Debtor has also failed to supply requested financial information that is necessary to the administration of this case, including:

(1) Documentation regarding payments to vendors that were made post-petition for pre-petition debts;

(2) Documentation concerning multiple wire transfers from Debtor's bank account both before and after filing; and

(3) An unredacted copy of the October 2023 bank statement.

*See* Declaration of Matthew J.P. Johnson (herein "Johnson Declaration").

Moreover, as of the date of this Motion, Debtor is overdue on its December 2023 MOR, which was due on January 20, 2024. The U.S. Trustee cannot evaluate whether confirmation is appropriate without the requested documents.

II. **ANALYSIS**

Conversion to chapter 7 is likely in the best interest of creditors in this case due to the wire transfers and lack of clear information. Section 1112(b) provides that, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE
- 3

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 23-11919-MLB    Doc 61    Filed 01/30/24    Ent. 01/30/24 13:37:02    Pg. 3 of 7

is in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

In a chapter 11 case, cause includes, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation under § 1112(b)(4)(A); gross mismanagement of the estate under § 1112(b)(4)(B); the failure timely to provide information…reasonably requested by the United States trustee under § 1112(b)(4)(H); and failure timely to pay taxes owed after the date of the order for relief under § 1112(b)(4)(I).

    A. <u>Substantial or Continuing Loss and an Absence of a Reasonable Likelihood of Reorganization.</u>

Debtor has caused a substantial loss to the estate and such loss appears to be continuing. Courts have established a two-pronged test for examining dismissal under § 1104(b)(4)(A). The first prong "is demonstrated by a loss that will 'materially negatively impact the bankruptcy estate and the interest of creditors,' or 'dwindling liquidity, or illiquidity resulting in unpaid postpetition debts which usually constitute administrative expenses that will take priority over prepetition claims.'" *Hassen Imps. P'ship v. City of W. Covina (In re Hassen Imps. P'ship),* WL 4428508, pg. 13. (B.A.P. 9th Cir. Aug. 19, 2013) (citing 7 Collier on Bankruptcy at ¶ 1112.04[6][a][i]).

The Debtor meets the first prong because he has incurred substantial debts that will take priority over pre-petition claims. Second in priority under §507(a)(2) are administrative expenses allowed under § 503(b). The administrative expenses include "any tax – incurred by the estate…and any fine, penalty, or reduction in credit relating to [such] tax." § 503(b)(1)(B) & (C). As noted above, the State of Washington Department of Revenue has filed a request for payment in the amount of $82,271.86 for post-petition sales tax, B&O tax, and related fines and penalties. The holders of the returned checks likely also have claims against the estate that would take

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE
- 4

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 23-11919-MLB    Doc 61    Filed 01/30/24    Ent. 01/30/24 13:37:02    Pg. 4 of 7

priority over pre-petition creditors.

This case also meets the second prong of the test because it will be difficult for Debtor to repay the post-petition debt. The second prong "requires the bankruptcy court to determine whether the continuing losses can be corrected and whether Debtor is capable of rehabilitation." *Legal Serv. Bureau, Inc. v. Orange Cty. Bail Bonds, Inc. (In re Orange Cty. Bail Bonds, Inc.)*, 638 B.R. 137, 150 (B.A.P. 9th Cir. 2022) (citing 7 Collier On Bankruptcy ¶ 1112.04 [6][a][ii] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2021)). As a result of Debtor's conduct, there is substantial post-petition debt which will need to be repaid, and debtor has not shown that it can operate profitably even while under bankruptcy protection. Further, reorganization may be impossible with current management, which has prioritized his income to payments of creditors.

B. Gross Mismanagement

A variety of conduct can establish gross mismanagement. *In re Ozcelebi*, 639 B.R. 365, 388-89 (Bankr. S.D. Tex. 2022). Grounds for dismissal may include "use of estate funds to pay insiders, pre-petition unsecured creditors, and professionals." *Id.* at 389. Additionally, "over drafting a DIP account tends to indicate mismanagement." *Id.* at 390. As does, "inadequate financial reporting." *Id.* at 391. While one of these issues in a case alone may not be considered gross mismanagement, the Debtor in this case has all of these issues. Debtor has bounced over forty checks due to repeated overdrafts of the bank account; owes a substantial amount of post-petition taxes; has paid pre-petition debts to his vendors, all while the managing member continues to draw over $20,000.00 per month from the bank account.

At the same time, Debtor has obscured its finances. Debtor list $0.00 in post-petition liabilities despite the bounced checks and failure to pay post-petition taxes. Debtor has also failed to file MORs when due and has failed to provide the U.S. Trustee with requested documents

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 23-11919-MLB    Doc 61    Filed 01/30/24    Ent. 01/30/24 13:37:02    Pg. 5 of 7
- 5 -

regarding the Debtor's financial condition. As a result of this combination of factors, the Debtor-in-Possession should no longer be trusted to operate the business.

C. Failure Timely to Provide Information Requested by the United States Trustee.

Debtor has failed to provide information that is critical to the oversight of this case. Cause for dismissal includes a debtor's "failure timely to provide information or attend meetings reasonably requested by the United States trustee." § 1112(b)(4)(H). "A chapter 11 debtor's cooperation is critical to maintain the integrity of the reorganization process. The debtor's financial disclosures, schedules, and monthly operating reports are 'more than mere busy work.'" *In re McKenna,* 580 B.R. 1, 13 (Bankr. D.R.I. 2017) (citing *Andover Covered Bridge, LLC*, 553 B.R. 162, 173 (BAP 1st Cir. 2016)). Without these reports, the [U.S. Trustee] and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization." *Andover Covered Bridge, LLC*, 553 B.R. at 173 (citing *In re Whetten*, 473 B.R. 380, 383 (Bankr. D.CO 2012)).

Debtor has not filed the December monthly operating reports, and both the October and November reports were filed late. Furthermore, the U.S. Trustee has made multiple requests for information regarding post-petition payments to pre-petition creditors and information regarding the recipients of various wire transfers. The monthly operating reports and other requested information is necessary to allow the U.S. Trustee to evaluate the case.

D. Failure to Pay Post-Petition Taxes

Debtor's case should also be dismissed or converted due to its failure to pay post-petition taxes. Cause includes a debtor's "failure to timely pay taxes owed after the petition date." § 1112(b)(4)(I). As noted above, Debtor has not paid B&O tax and has failed to remit sales tax to the state of Washington. As a result, this case should either be dismissed or converted.

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE
- 6

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 23-11919-MLB    Doc 61    Filed 01/30/24    Ent. 01/30/24 13:37:02    Pg. 6 of 7

E. Conversion vs. Dismissal

If the moving party meets its burden under § 1112, the court must "apply a 'balancing test' to choose between conversion or dismissal based upon the 'best interests of the creditors and the estate.'" *In re AVI, Inc.*, 389 B.R. 721, 729 (B.A.P. 9th Cir. 2008), citing *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006); see also *In re Owens*, 552 F.3d 958, 960-61 (9th Cir. 2009) (court must consider interests of all creditors). In the present case, there are likely post-petition transfers that could be recovered and the business itself may have value if sold or liquidated.

The U.S. Trustee is not aware of any "unusual circumstances" that should prevent converting or dismissing the chapter 11 case. Generally, a court may not dismiss or convert a case, under than under § 1112(a)(4)(A), if it finds "unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors." 11 U.S.C. § 1112(b)(2). Given the lack of such circumstances, the Court should either convert this case to a case under chapter 7 or dismiss the case.

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter its Order converting this case to a case under chapter 7, or dismissing it, whichever the Court determines to be in the best interest of creditors.

DATED this Tuesday, January 30, 2024,

Respectfully submitted,

Gregory M. Garvin
Acting U.S. Trustee for Region 18

/s/ *Matthew J.P. Johnson*
Matthew J.P. Johnson, WSBA #40476
Attorney for the United States Trustee

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 23-11919-MLB    Doc 61    Filed 01/30/24    Ent. 01/30/24 13:37:02    Pg. 7 of 7

- 7 -