Brian T. Peterson, WSBA #42088
Ruby A. Nagamine, WSBA #55620
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Marc L. Barreca
Chapter 11
Hearing Location: Courtroom 7106
Hearing Date: February 22, 2024
Hearing Time: 9:30 a.m.
Response Date: February 15, 2024

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

HWC BURBS BURGERS LLC

                Debtor.

Case No. 23-11919-MLB

**PIONEER SQUARE DEVELOPMENT LENDER, LLC'S JOINDER TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE**

## I.    INTRODUCTION

Pioneer Square Development Lender, LLC (**"Pioneer Square"**), the Debtor's real property landlord, hereby submits this joinder (**"Joinder"**) to the *United States Trustee's Motion to Convert or Dismiss Chapter 11 Case* [Dkt. 61] (the "**Motion to Convert or Dismiss**"). The Debtor has failed to pay postpetition rent to Pioneer Square in violation of Section 365(d)(3) of the Bankruptcy Code. Additionally, the Debtor continues to occupy Pioneer Square's real property and accrue administrative expenses even though the Lease Agreement was deemed automatically rejected—the Debtor having let lapse the 120-day deadline to assume or reject nonresidential real property leases pursuant to Section 365(d)(4) of the Bankruptcy Code. Pioneer Square requests that the Court convert this chapter 11 case to a case under chapter 7 of the United States Bankruptcy Code, as conversion is in the best interests of the estate and its creditors.

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
JOINDER TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS - 1
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-MLB   Doc 70   Filed 02/15/24   Ent. 02/15/24 14:21:08   Pg. 1 of 8

## II. BACKGROUND

1. Pioneer Square owns the commercial real property with the common address of 201 King Street, Seattle, WA 98014 (the "**Property**"). *See Declaration of Joe Polito in Support of (I) Pioneer Square Development Lender, LLC's Objection to Debtor's Proposed Chapter 11 Plan; and (II) Joinder to United States Trustee's Motion to Convert or Dismiss* (hereafter, "**Decl. Polito**"), ¶ 2. Pioneer Square leases the Property to the Debtor pursuant to the terms of that certain Lease Agreement with the effective date of March 7, 2014 (the "**Lease Agreement**") between Pioneer Square and Quality Athletics, LLC. *Id*. The Lease Agreement was assigned from Quality Athletics, LLC, to HWC Burbs Burgers LLC pursuant to that certain Assignment and Assumption of Lease, with an Effective Date of December 16, 2022 (the "**Assignment**"). *Id*. The Debtor operates a restaurant at the Property under the name of "Burbs Burgers." *Id.*

2. As of the Petition Date, the Debtor owed Pioneer Square no less than $264,423.06 under the terms of the Lease Agreement. *Id*. at ¶ 3. Pioneer Square filed Proof of Claim No. 8 in this Bankruptcy Case evidencing its claim. *Id.* A true and correct copy of Pioneer Square's Proof of Claim No. 8, which includes a copy of the Lease Agreement, is attached to the Decl. Polito as Exhibit A.

3. The Debtor did not timely pay rent owed to Pioneer Square for the month of January 2024, in the amount of $10,100.65. Pioneer Square unsuccessfully attempted to collect January rent on January 9, 2024, and January 23, 2024, but in each instance its ACH pulls were returned due to insufficient funds in the Debtor's bank account. *See id.*, ¶ 5. January 2024 rent was not paid by the Debtor until February 5, 2024, when the Debtor wired the funds to Pioneer Square. *Id.*

4. The Lease Agreement required that the Debtor, on January 15, 2024, pay eight percent (8%) of the Debtor's gross sales during the prior calendar quarter over and above two-hundred thousand dollars ($200,000) as additional rent. *Id*. at ¶ 4. According to information provided by the Debtor at the end of January, the Debtor owes Pioneer Square additional percentage rent in

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
JOINDER TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS - 2
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-MLB    Doc 70    Filed 02/15/24    Ent. 02/15/24 14:21:08    Pg. 2 of 8

the amount of $18,713.17. The Debtor has failed to pay such amounts. *Id*. at ¶ 6. In addition, the Debtor has failed to pay rent owing for February 2024 under the Lease Agreement, which totals $10,073.15. *Id*. As of February 8, 2024, the total amount the Debtor owes to Pioneer Square under the Lease Agreement is $298,273.16. *Id*. at ¶ 7.

5. On January 8, 2024, the Debtor filed its proposed plan of reorganization (the "**Plan**"). *See* Dkt. No. 55. According to the proposed Plan, the Debtor contemplates "assumption of the [Lease Agreement with Pioneer Square] by the Debtor of all rights under the lease" and payment of $75,000 "in full and complete settlement of the amount necessary to cure any default under the lease." *Id.* at Art. 7. According to the Plan, "upon payment of the above referenced cure payment the Pioneer Landlord will consent to an assignment of the remaining term of the lease to NewBurb's and will fully release the Debtor from any and all obligation under the lease." *Id*. The Debtor has not provided any information regarding NewBurb's financial wherewithal and ability to perform on the Lease Agreement.

6. Pioneer Square does not agree to the proposed assumption and assignment of the Lease Agreement under the proposed Plan. Pioneer Square never agreed to discount the amount of the cure that would be owed by the Debtor in connection with assumption or assumption and assignment of the Lease Agreement.

7. Section 365(d)(4) of the Bankruptcy Code requires that the Debtor assume or reject unexpired leases for nonresidential real property by the earlier of 120 days from the Petition Date or the date on which the Debtor's plan of reorganization is confirmed. The Debtor commenced this case on October 9, 2023. Thus, the 120-day deadline to assume or reject the Lease Agreement fell on February 6, 2024. The Debtor never moved for relief to extend the deadline. Nor did Pioneer Square ever agree to continue the Debtor's deadline to assume or reject the Lease Agreement pursuant to the Bankruptcy Code. *See* Decl. Polito, ¶ 8.

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
JOINDER TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS - 3
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-MLB    Doc 70    Filed 02/15/24    Ent. 02/15/24 14:21:08    Pg. 3 of 8

## III. JOINDER

As set forth in the Motion to Convert or Dismiss, cause exists under 11 U.S.C. § 1112(b) to convert or dismiss this Bankruptcy Case given that the Debtor has failed to timely file MORs, has bounced numerous checks on a postpetition basis, has failed to pay taxes, and the Debtor's principal has withdrawn more cash than he was authorized to withdraw in the cash collateral budget approved by the Court. In addition, the Debtor has failed to provide financial information requested by the United States Trustee regarding payment of prepetition debt on a postpetition basis.

### A. The Debtor has Failed to Pay Postpetition Rent and the Lease Agreement was Deemed Automatically Rejected.

In addition to the numerous grounds set forth in the Motion to Convert or Dismiss, the Court should convert this case under Section 1112(b) given that the Debtor has failed to pay rent on a postpetition basis in violation of Section 365(d)(3) of the Bankruptcy Code. *See e.g.*, *In re Bowers Investment Co., LLC*, 553 B.R. 762 (Bankr. D. Alaska 2016) (failure to satisfy reporting requirements and evidence of unpaid monthly operating expenses formed basis for cause for conversion); *In re Cohoes Indus. Terminal, Inc.*, 65 B.R. 918, 921 (Bankr. S.D.N.Y. 1986) (stating that a debtor's failure to file schedules; failure to file accurate MORS; an inability to obtain adequate insurance; a failure to pay post-petition rent and mortgage charges; and the absence of a plan of reorganization or any forward movement constitutes cause for dismissal or conversion).

The Debtor continues to occupy the Property despite the fact that the Lease Agreement was recently automatically rejected pursuant to Section 365(d)(4) of the Bankruptcy Code, which requires that the Debtor assume or reject unexpired leases for nonresidential real property by the earlier of 120 days from the Petition Date or the date on which the Debtor's plan of reorganization is confirmed. The Debtor commenced this case on October 9, 2023. Thus, the 120-day deadline to assume or reject the Lease Agreement fell on February 6, 2024. The Debtor failed to file a motion to assume the Lease Agreement and failed to move for an extension of the deadline to assume or reject.

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
JOINDER TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS - 4
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-MLB    Doc 70    Filed 02/15/24    Ent. 02/15/24 14:21:08    Pg. 4 of 8

The Lease Agreement is therefore ***deemed rejected*** and Pioneer Square has no obligation to let the premises to the Debtor. Presumably, the Debtor has also let the deadline lapse with respect to the Bellevue premises that it leases.

Even if the Debtor had not let the 120-deadline lapse, it has no possibility of confirming its Plan. The Plan contemplates assumption of the now-rejected Lease Agreement and payment of $75,000 as cure, which is far short of the nearly $300,000 due and owing to Pioneer Square under the Lease Agreement. Additionally, the Plan wishfully contemplates a sale to NewBurbs an entity formed by a non-related ownership group "the members of which are not yet specifically determined, although negotiations are ongoing . . . ." *See* Plan, Article VIII. The Debtor has failed to file a copy of a draft asset purchase agreement, let alone a letter of interest from the new entity or the ownership group thereof. There is simply no possibility of the Debtor confirming its Plan.

### B. Conversion is in the Best Interests of Creditors.

Pursuant to Section 1112(b) of the Bankruptcy Code, the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate . . . ." Here, Pioneer Square respectfully submits that conversion, rather than dismissal, is in the best interests of the estate.

The Debtor has failed to provide bank records to the United States Trustee, has not satisfied postpetition tax obligations, and has apparently paid the Debtor's principal improperly on a postpetition basis. In addition, the Debtor's schedules indicate that the Debtor's principal received $183,787.54 in "net member draws" in the year prior to the Petition Date. *See* Dkt. No. 20, at p. 22. Pioneer Square also notes that the Debtor's October MOR shows an "SBA Loan Payment" on October 31, 2023, in the amount of $9,184.64 to Heritage Bank. *See* Dkt. No. 53 at p. 10. The Debtor did not obtain Court approval to make any loan payments, and Heritage Bank is not listed as a creditor in the Debtor's schedules.[1]

---

[1] Heritage Bank ***is*** identified in the Debtor's Plan. The Plan states that Heritage Bank was a lender to Quality Athletics,

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
JOINDER TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS - 5
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-MLB    Doc 70    Filed 02/15/24    Ent. 02/15/24 14:21:08    Pg. 5 of 8

It appears that the Debtor has engaged in multiple improper and/or questionable financial transactions that warrant further examination by an independent fiduciary of the estate. Absent conversion, the financial transactions of the Debtor (both prepetition and postpetition) will go uninvestigated. *See In re Consolidated Pioneer Mortg. Entities*, 264 F.3d 803 (9th Cir. 2001) ("In light of PLC's attempts to prevent the appointment of an examiner and otherwise eschew its duty to account, the bankruptcy court properly determined that conversion to Chapter 7 was necessary to ensure open and full financial disclosure.").

Pioneer Square's principal concern is to be able to recover the Property in an efficient manner so that it can re-let the space to a new performing tenant. A chapter 7 trustee will be able to surrender the Property quickly and avoid the accrual of further administrative liability. The Debtor appears to have assets that could be administered by a chapter 7 trustee, including according to the Debtor's schedules, $427,288 in restaurant equipment and inventory. Dkt. No. 20, at p. 4-5. On balance, Pioneer Square favors appointment of a chapter 7 trustee to sell any remaining value of the business and preserve existing cash receipts for the benefit of creditors. A chapter 7 trustee will also be able to efficiently manage surrender of the Property to Pioneer Square without the risk of the Debtor remaining in the space as a holdover tenant or filing a subsequent bankruptcy case that would prevent Pioneer Square from re-taking possession of the premises.

//
//
//
//
//
//

---

LLC, not the Debtor. The Debtor possesses and uses equipment at the Property that is subject to Heritage Bank's security interest. *See* Plan, Art. I.

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
JOINDER TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS - 6
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-MLB    Doc 70    Filed 02/15/24    Ent. 02/15/24 14:21:08    Pg. 6 of 8

## IV. CONCLUSION

Pioneer Square respectfully requests that the Court convert this case to a case under chapter 7 of the Bankruptcy Code so that a chapter 7 trustee may be appointed to administer the estate for the benefit of creditors.

DATED this 15th day of February, 2024.

K&L GATES LLP

/s/ Brian T. Peterson
Brian T. Peterson, WSBA #42088
Ruby A. Nagamine, WSBA #55620
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: brian.peterson@klgates.com
　　　　ruby.nagamine@klgates.com

*Attorneys for Pioneer Square Development Lender, LLC*

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
JOINDER TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS - 7
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-MLB    Doc 70    Filed 02/15/24    Ent. 02/15/24 14:21:08    Pg. 7 of 8

# CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, I caused the foregoing document to be filed electronically through the CM/ECF system, which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on February 15, 2024 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
JOINDER TO UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS - 8
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-MLB    Doc 70    Filed 02/15/24    Ent. 02/15/24 14:21:08    Pg. 8 of 8