Brian T. Peterson, WSBA #42088
Ruby A. Nagamine, WSBA #55620
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Marc L. Barreca
Chapter 11
Hearing Location: Courtroom 7106
Hearing Date: May 16, 2024
Hearing Time: 9:30 a.m.
Response Date: May 9, 2024

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

HWC BURBS BURGERS LLC

Debtor.

Case No. 23-11919-MLB

**PIONEER SQUARE DEVELOPMENT LENDER, LLC'S MOTION TO GRANT RELIEF FROM STAY TO PERMIT DISPOSAL OF PERSONAL PROPERTY AND APPLY SECURITY DEPOSIT AGAINST OUTSTANDING AMOUNTS OWED BY DEBTOR**

I.     **INTRODUCTION**

Pioneer Square Development Lender, LLC (**"Pioneer Square"**), the Debtor's real property landlord, hereby submits this *Motion to Grant Relief from Stay to Permit Disposal of Personal Property and Apply Security Deposit Against Outstanding Amounts Owed by Debtor* (the "**Motion**"). Pioneer Square leased the commercial real property with the common address of 201 King Street, Seattle, WA 98104 (the "**Premises**") to the Debtor. During its chapter 11 case, the Debtor allowed the 120-day deadline to lapse pursuant to Section 365(d)(4). Thus, the lease agreement with Pioneer Square was deemed rejected as of February 6, 2023. After this case was converted to a case under chapter 7 on February 23, 2024, counsel for Pioneer Square attempted to contact the Trustee to arrange for him to remove the personal property at the Premises or obtain his

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
MOTION FOR RELIEF FROM STAY - 1
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-CMA    Doc 96    Filed 04/24/24    Ent. 04/24/24 19:23:35    Pg. 1 of 7

stipulation to abandon the property so that Pioneer Square could lease the Premises to an alternative tenant. The Trustee has ample opportunity to view the Premises and secure any personal property left behind by the Debtor. The Court should authorize Pioneer Square to take necessary steps to re-let the Premises, including by disposing of any remaining personal property left behind by the Debtor when it ceased business operations at the Premises. In addition, the Court should enter an order allowing Pioneer Square to apply the Debtor's security deposit against outstanding amounts owed under the lease.

## II. BACKGROUND

1. Pioneer Square owns the commercial real property with the common address of 201 King Street, Seattle, WA 98014 (the "**Premises**"). *See Declaration of Joe Polito in Support Pioneer Square Development Lender, LLC's Motion to Grant Relief from Stay to Permit Disposal of Personal Property and Apply Security Deposit Against Outstanding Amounts owed by Debtor* (hereafter, "**Decl. Polito**"), ¶ 2. Pioneer Square leased the Property to the Debtor pursuant to the terms of that certain Lease Agreement with the effective date of March 7, 2014 (the "**Lease Agreement**") between Pioneer Square and Quality Athletics, LLC. *Id*. The Lease Agreement was assigned from Quality Athletics, LLC, to HWC Burbs Burgers LLC pursuant to that certain Assignment and Assumption of Lease, with an Effective Date of December 16, 2022 (the "**Assignment**"). *Id*. The Debtor operated a restaurant at the Premises under the name of "Burbs Burgers." *Id.*

2. As of the Petition Date, the Debtor owed Pioneer Square no less than $264,423.06 under the terms of the Lease Agreement. *Id*. at ¶ 3. Pioneer Square filed Proof of Claim No. 8 in this Bankruptcy Case evidencing its claim. *Id.* As of February 8, 2024, the total amount the Debtor owes to Pioneer Square under the Lease Agreement is $298,273.16. *Id*. at ¶ 7. Pioneer Square holds a prepetition security deposit in the amount of $9,437.50 under the terms of the Lease Agreement. *Id*. at ¶ 3.
PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
MOTION FOR RELIEF FROM STAY - 2
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-CMA    Doc 96    Filed 04/24/24    Ent. 04/24/24 19:23:35    Pg. 2 of 7

3. Pioneer Square never agreed to continue the Debtor's deadline to assume or reject the Lease Agreement pursuant to the Bankruptcy Code, and the Debtor never moved for relief to extend the deadline to assume or reject the Lease Agreement pursuant to Section 365(d)(4) of the Bankruptcy Code. Thus, the Lease Agreement was deemed rejected when the 120-day deadline for assumption or rejection lapsed on February 6, 2024.

4. On February 23, 2024, the Court entered the *Order Converting Chapter 11 Case and Denying Confirmation*. *See* Dkt. No. 76. Edmund J. Wood was appointed as chapter 7 trustee over the Debtor's bankruptcy estate. The Debtor no longer operates its restaurant in the Premises and has vacated the space. The Debtor left behind certain personal property items in the Premises. When Pioneer Square viewed the Premises, it found food waste that presented a health hazard. Pioneer Square therefore disposed of such property. In addition, Pioneer Square located certain personal property items, in which the estate could assert a potential interest, including the following:

- 2 point of sale systems
- 10 TVs
- Audio/video equipment for the TVs
- 7 beverage carbonation tanks
- 2 printers
- Miscellaneous chairs and tables

5. In addition to the above personal property items, there is equipment on the Premises that is not owned by Pioneer Square. Pioneer Square understands that Heritage Bank asserts a lien in such equipment, and further asserts that the property is not owned by the Debtor. Heritage Bank intends to conduct a UCC-1 foreclosure with respect to such property.

6. After the Trustee was appointed, counsel for Pioneer Square attempted to contact the Trustee on multiple occasions, including by phone and email. *See Declaration of Brian T. Peterson in Support of Motion* ("Decl. Peterson"). Pioneer Square hoped that the Trustee would either

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
MOTION FOR RELIEF FROM STAY - 3
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-CMA    Doc 96    Filed 04/24/24    Ent. 04/24/24 19:23:35    Pg. 3 of 7

promptly remove the personal property or agree that it could dispose of such property. Unfortunately, the Trustee has been non-responsive. Pioneer Square has re-taken possession of the Premises, but has not taken steps to destroy or dispose of any personal property left behind by the Debtor. The Trustee has not made any effort to contact Pioneer Square or visit the Property to examine the remaining property in the Premises. Pioneer Square is preparing the Premises to rent to a new tenant, but it cannot do so without first removing and/or disposing of the personal property that remains in the Premises.

## II. EVIDENCE RELIED UPON

This Motion relies upon the Decl. of Polito and the Decl. of Peterson filed concurrently herewith.

## III. AUTHORITY

Section 544 of the Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). In addition, 11 U.S.C. § 362(d) of the Bankruptcy Code authorizes a party in interest to seek relief from the automatic stay for cause. Courts determine whether to grant stay relief "for cause" based on several factors, including (as relevant here) whether stay relief: (1) will interfere with the bankruptcy; (2) will injure the debtor or other creditors; (3) is necessary to avoid injury to the moving interested party. *In re A Partners, LLC*, 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006).

Here, the Trustee has failed to express any interest of the estate in personal property at the Premises, which includes televisions, point of sale machines, printers, carbonation tanks, and audio/video equipment. It has been almost two months since his appointment and he has failed to secure and remove the property from the Premises to the extent it has any value for the estate, instead burdening Pioneer Square with continued possession of the property for an indefinite period of time. Under the circumstances, Pioneer Square cannot be forced by the Trustee to continue to

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
MOTION FOR RELIEF FROM STAY - 4
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-CMA    Doc 96    Filed 04/24/24    Ent. 04/24/24 19:23:35    Pg. 4 of 7

store personal property for the estate without compensation. The continued possession of the personal property also prevents Pioneer Square from having a new tenant move into the Premises and additional delay in this regard could damage Pioneer Square by causing it to lose rental income from a replacement tenant. Cause therefore exists to compel abandonment of all property in the Premises and grant Pioneer Square relief from stay to remove and/or dispose of the personal property located in the Premises.

Separately, the estate has no interest in the security deposit of $9,437.50 held by Pioneer Square. The security deposit is fully encumbered by Pioneer Square's prepetition claim for unpaid rent. *See* 11 U.S.C. § 506(a) (a claim of a creditor is a secured claim to the extent of the amount subject to setoff); *In re Las Vegas Monorail Co.*, 429 B.R. 317, 336 (Bankr. D. Nev. 2010) (stating that "setoff rights are treated as secured claims in bankruptcy"). Because the security deposit is of no value to the estate, the Court should compel abandonment of the funds and Pioneer Square relief from stay to exercise its setoff rights. *See, e.g.*, *In re Christensen*, 561 B.R. 195, 204 (Bankr. D. Utah 2016) (stating that "when dealing with fully-encumbered assets 'the trustee's proper function is to abandon the property, not administer it.'") (quoting *In re KVN Corp.*, 514 B.R. 1, 6 (9th Cir. BAP 2014)); *In re Scimeca Foundation, Inc.*, 497 B.R. 753 (Bankr. E.D. Penn. 2013) ("It is generally recognized that a bankruptcy trustee should not liquidate fully encumbered assets, for such action yields no benefit to unsecured creditors."); *In re Integrated Agri, Inc.*, 313 B.R. 419 (Bankr. C.D. Ill. 2004) ("Fully encumbered property which has no potential equity for unsecured creditors should be abandoned").

## IV. CONCLUSION

For the reasons set forth herein, Pioneer Square respectfully requests that this Court enter an order (i) compelling abandonment of all of the Debtor's right, title, and interest in any personal property remaining in the Premises; and (ii) granting Pioneer Square relief from the automatic stay remove and dispose of any remaining personal property from the Premises and apply the Debtor's

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
MOTION FOR RELIEF FROM STAY - 5
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-CMA    Doc 96    Filed 04/24/24    Ent. 04/24/24 19:23:35    Pg. 5 of 7

security deposit against its prepetition claim for unpaid rent under the Lease Agreement.

DATED this 24th day of April, 2024.

K&L GATES LLP

/s/ Brian T. Peterson
Brian T. Peterson, WSBA #42088
Ruby A. Nagamine, WSBA #55620
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: brian.peterson@klgates.com
 ruby.nagamine@klgates.com

*Attorneys for Pioneer Square Development Lender, LLC*

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
MOTION FOR RELIEF FROM STAY - 6
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-CMA    Doc 96    Filed 04/24/24    Ent. 04/24/24 19:23:35    Pg. 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2024, I caused the foregoing document to be filed electronically through the CM/ECF system, which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on April 24, 2024 at Seattle, Washington.

*/s/ Denise A. Lentz*
Denise A. Lentz

PIONEER SQUARE DEVELOPMENT LENDER, LLC'S
MOTION FOR RELIEF FROM STAY - 7
507422462.10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 23-11919-CMA    Doc 96    Filed 04/24/24    Ent. 04/24/24 19:23:35    Pg. 7 of 7