THE HONORABLE CHRISTOPHER M. ALSTON
Chapter 7
Hearing Date: July 18, 2024
Hearing Time: 9:30 AM
Hearing Location: Courtroom 7206
Response Due Date: July 11, 2024

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In Re:

HWC BURBS BURGERS, LLC,

Debtor,

NO. 23-11919-CMA

WASHINGTON STATE DEPARTMENT OF TRANSPORTATION'S MOTION TO GRANT RELIEF FROM STAY TO PERMIT DISPOSAL OF PERSONAL PROPERTY

NOTE ON MOTION CALENDAR: July 18, 2024

## I. INTRODUCTION

The Washington State Department of Transportation (WSDOT) leased real property located at 2605 22nd Avenue East, Seattle, Washington 98112 (Premises) to HWC Burbs Burgers, LLC (Debtor). During its Chapter 11 case, the Debtor allowed the 120-day deadline to lapse pursuant to 11 U.S.C. § 365(d)(4). As such, the lease agreement with WSDOT was deemed rejected as of February 6, 2024. After this case was converted to a Chapter 7 bankruptcy on February 23, 2024, counsel for WSDOT contacted the Trustee to notify him to remove the Debtor's personal property that was left on the Premises, or obtain his stipulation to abandon the property. The Trustee has had ample opportunity to view the Premises and secure the personal property but has not taken action as of the date of filing this Motion. The Court should authorize WSDOT to take necessary steps to enforce the terms Lease Agreement and remove the personal property left behind by the Debtor when it ceased business operations on the Premises.

WSDOT'S MOTION TO GRANT RELIEF
FROM STAY TO PERMIT DISPOSAL OF
PERSONAL PROPERTY

1

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA 98504-0113
(360) 753-6126  Facsimile: (360) 586-6847

Case 23-11919-CMA    Doc 105    Filed 06/14/24    Ent. 06/14/24 14:12:14    Pg. 1 of 7

## II. BACKGROUND

1. WSDOT owns real property with the address of 2605 22nd Avenue East, Seattle, Washington 98112. Declaration of Gil C. Gurule in Support of WSDOT's Motion to Grant Relief from Stay to Permit Disposal of Personal Property (Gurule Decl.) ¶ 3. The Premises is subject to the May 12, 2020, Ground Lease and Amendment Nos. 1 and 2 to the Ground Lease (collectively "Lease Agreement"). The Lease Agreement was executed pursuant to RCW 47.12.120 by WSDOT serving in the capacity of landlord and the Debtor as tenant. Gurule Decl., Exhibit (Ex.) A. Pursuant to Section 2 of the Lease Agreement, the initial lease term was for three (3) years, beginning on September 15, 2020. *Id.* Amendment No. 2 extended the lease one (1) year for a total term of four (4) years. *Id.* The Debtor operated a food truck business on the Premises under the name "Burbs Burgers." Gurule Decl. ¶ 3.

2. The Premises is adjacent to State Route (SR) 520. WSDOT is in the process of completing the Bridge Replacement and HOV Program (Project) and it requires the Premises to continue construction in that area and WSDOT's construction zone. Declaration of Ron Paananen in Support of WSDOT's Motion to Grant Relief from Stay to Permit Disposal of Personal Property (Paananen Decl.) ¶¶ 2, 4.

3. The Lease Agreement authorizes WSDOT to terminate the lease after thirty (30) calendar days written notice to the Debtor if the Premises or business operation has been abandoned. Gurule Decl. ¶ 4; *see also* Ex. A, Section 3(B). WSDOT elected to terminate the Lease Agreement pursuant to Section 3(B) and sent the Debtor a Termination Notice and Thirty (30) Day Notice to Vacate by email on March 1, 2024. Gurule Decl. ¶ 5, Ex. B. The Lease Agreement also authorizes WSDOT to remove any personal property left by the Debtor after vacating the Premises. Gurule Decl. ¶ 5, Ex. A, Section 11(B).

4. WSDOT never agreed to continue the Debtor's deadline to assume or reject the Lease pursuant to the U.S. Bankruptcy Code, and the Debtor never moved for relief to extend the deadline to assume or reject the Lease pursuant to 11 U.S.C. § 365(d)(4). Gurule Decl. ¶ 7.

WSDOT'S MOTION TO GRANT RELIEF FROM STAY TO PERMIT DISPOSAL OF PERSONAL PROPERTY

2

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

Case 23-11919-CMA    Doc 105    Filed 06/14/24    Ent. 06/14/24 14:12:14    Pg. 2 of 7

Thus, the Lease Agreement was deemed rejected when the 120-day deadline for the assumption or rejection lapsed on February 6, 2024.

5. On February 23, 2024, the Court entered the Order Converting Chapter 11 Case and Denying Confirmation. Dkt. 76. Edmund J. Wood was appointed as Chapter 7 Trustee over the Debtor's bankruptcy estate.

6. The Debtor no longer operates its food truck on the Premises and has vacated the space. Gurule Decl. ¶ 5. The Debtor left behind certain personal property and equipment items on the Premises, in which the estate could assert a potential interest, including the following:

- Two bars;
- Two planter boxes;
- Ordering trailer;
- Two eating shelters;
- Kitchen/food truck;
- Two picnic tables;
- Six tables;
- Temporary power pole (power has been disconnected);
- Portable bathroom;
- Waste water tank;
- AC unit;
- Food storage container;
- Water tank;
- Electric water pump;
- Propane tank;
- Artificial turf; and
- Area lighting strings;

Gurule Decl. ¶ 6, Ex. C.

WSDOT'S MOTION TO GRANT RELIEF
FROM STAY TO PERMIT DISPOSAL OF
PERSONAL PROPERTY

3

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA 98504-0113
(360) 753-6126   Facsimile: (360) 586-6847

Case 23-11919-CMA    Doc 105    Filed 06/14/24    Ent. 06/14/24 14:12:14    Pg. 3 of 7

7. After the Chapter 7 Trustee was appointed, counsel for WSDOT contacted the Trustee. WSDOT requested that the Trustee authorize the prompt removal of the personal property and/or agree that the personal property could be removed. Unfortunately, the Trustee has not assented to WSDOT's request to have the personal property removed from the Premises. Declaration of Carly R. Johnson in Support of WSDOT's Motion to Grant Relief from Stay to Permit Disposal of Personal Property (Johnson Decl.) ¶ 4, Ex. A.

8. WSDOT has not taken steps to remove or dispose of any personal property left behind by the Debtor. Gurule Decl. ¶ 8.

9. The personal property left on the Premises is preventing WSDOT's contractor, Graham Contracting, from completing the Project. Specifically, Graham Contracting must widen the sidewalk abutting the Premises. Paananen Decl. ¶ 4. The Debtor's ordering trailer, temporary power pole, portable restroom, and other personal property are within the construction zone. *Id.*; *see also* Gurule Decl., Ex. C at 2 (site overview showing certain personal property preventing widening of the sidewalk). The Project also requires the Premises to be paved, which cannot happen with the continued storage of the Debtor's personal property. Paananen Decl. ¶ 4. Finally, WSDOT needs the Premises cleared to surplus it upon completion of the Project. *Id.*

### III.   EVIDENCE RELIED UPON

This Motion relies upon the Declarations of Gil C. Gurule, Carly R. Johnson, Ron Paananen, and the exhibits attached thereto, filed concurrently herewith.

### IV.   AUTHORITY

"On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). The Bankruptcy Code also authorizes a party in interest to seek relief from the automatic stay for cause. 11 U.S.C. § 362(d). Courts determine whether to grant stay relief "for cause" based on several factors, including (as relevant here) whether stay relief: (1) an interference with the bankruptcy; (2) good or bad faith

WSDOT'S MOTION TO GRANT RELIEF FROM STAY TO PERMIT DISPOSAL OF PERSONAL PROPERTY

4

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA 98504-0113
(360) 753-6126   Facsimile: (360) 586-6847

Case 23-11919-CMA    Doc 105    Filed 06/14/24    Ent. 06/14/24 14:12:14    Pg. 4 of 7

of debtor; (3) injury to debtor or other creditors if stay is modified; (4) injury to movant if stay is not modified; and (5) relative proportionality of harms from modifying or continuing the stay. *In re A Partners, LLC*, 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006).

Here, the Trustee has not expressed any interest of the estate of personal property on the Premises, which includes the food truck, trailer, portable restroom, tables, and other equipment necessary to operate a food truck business. Johnson Decl. ¶ 4, Ex. A; Gurule Decl., Ex. C. It has been almost three and a half months since his appointment, yet the Trustee has not acted to secure or remove the property from the Premises. This burdens WSDOT with continued possession of the personal property for an indefinite period of time. Under the circumstances, WSDOT cannot be forced by the Trustee to continue to store personal property for the estate. The continued possession of the personal property also prevents WSDOT from completing construction of the Project. Paananen Decl. ¶¶ 4-5. The continued delay resulting from the personal property on the Premises prevents Graham Constructing from completing the sidewalk widening portion of the work. This means either the sidewalk will be completed at an additional cost to WSDOT and the taxpayers, or the work will not be complete. *Id.* Additionally, any delays attributed to WSDOT's failure to timely turn over access to the Premises to the contractor may result in damages owed to the contractor, at considerable taxpayer expense. *Id.* Cause therefore exists to compel abandonment of all property on the Premises and grant WSODT relief from stay to remove and/or dispose of the personal property located on the Premises.

/ /

/ /

/ /

WSDOT'S MOTION TO GRANT RELIEF FROM STAY TO PERMIT DISPOSAL OF PERSONAL PROPERTY

5

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

## V. CONCLUSION

For the reasons set forth herein, WSDOT respectfully requests that this Court enter an order (1) compelling abandonment of all of the Debtor's right, title and interest in any personal property remaining on the Premises; and (2) granting WSDOT relief from the automatic stay to remove and dispose of any remaining personal property from the Premises.

DATED this 14th day of June 2024.

ROBERT W. FERGUSON
Attorney General

*s/ Matthew D. Huot*
MATTHEW D. HUOT, WSBA #40606
CARLY R. JOHNSON, WSBA #60340
Assistant Attorneys General
Attorneys for Plaintiff
Matt.huot@atg.wa.gov
Carly.johnson@atg.wa.gov

WSDOT'S MOTION TO GRANT RELIEF FROM STAY TO PERMIT DISPOSAL OF PERSONAL PROPERTY

6

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA 98504-0113
(360) 753-6126   Facsimile: (360) 586-6847

Case 23-11919-CMA    Doc 105    Filed 06/14/24    Ent. 06/14/24 14:12:14    Pg. 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the registered participants to be served by electronic means.

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 14th day of June 2024, at Rochester, Washington.

        *s/ Tonya Pleasant*
        TONYA PLEASANT
        Paralegal

WSDOT'S MOTION TO GRANT RELIEF FROM STAY TO PERMIT DISPOSAL OF PERSONAL PROPERTY

7

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA 98504-0113
(360) 753-6126  Facsimile: (360) 586-6847

Case 23-11919-CMA    Doc 105    Filed 06/14/24    Ent. 06/14/24 14:12:14    Pg. 7 of 7